# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ANGELA SHEPHERD, )
 )
        Plaintiff, )
 )
        v. ) No. 09-0540-CV-W-FJG
 )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
 )
        Defendant. )

## ORDER

This is a judicial review of a final decision denying disability benefits under Title II of the Social Security Act, 42U.S.C. §§ 401 et seq.. 42 U.S.C. § 405(g). Following a hearing, an Administrative Law Judge (ALJ) found on February 18, 2009, that plaintiff was not under a "disability" as defined in the Social Security Act. The Appeals Council denied plaintiff's request for review, and thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)).

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing and the medical and documentary evidence. The ALJ adequately explained her reasons

for discounting the opinion of Dr. Bailey and for not finding plaintiff to be totally credible with respect to the severity of her pain and her physical restrictions.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605. See also Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

Additionally, Dr. Younger's medical notes for two examinations were discussed at the hearing and it was not reversible error for the ALJ to fail to mention those notes in the decision.

After review, the Court agrees with the arguments in the Commissioner's brief and finds substantial evidence in the record as a whole to support the Commissioner's decision. Accordingly, it is

ORDEDED that plaintiff's motion to reverse the final decision of the ALJ (Doc. # 6) is denied and the decision of the Commissioner is affirmed.

      **/s/ Fernando J. Gaitan, Jr.**
      FERNANDO J. GAITAN, JR.
      Chief United States District Judge

Dated: February 24, 2010
Kansas City, Missouri